**Rogelio PEREZ–HERNANDEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**Nos. 05–71451, 05–75305.**

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 27, 2007.

Christopher J. Todd, Esq., Mill Valley, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Genevieve Holm, Esq., Greg D. Mack, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GRABER, CLIFTON and BEA, Circuit Judges.

MEMORANDUM **

Rogelio Perez–Hernandez seeks review of the Board of Immigration Appeals' ("BIA") order upholding an immigration judge's ("IJ") decision to deny his application for cancellation of removal and of the BIA's decision to deny his motion to reopen removal proceedings. We review for abuse of discretion the denial of a motion to reopen, *see Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003), and we review de novo claims of constitutional violations in immigration proceedings, *see Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001). We dismiss in part and deny in the petition for review in No. 05–71451 and we deny the petition for review in 05–75305.

We lack jurisdiction to review the IJ's discretionary determination that Perez–Hernandez failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003).

Contrary to Perez–Hernandez's contention that the IJ acted arbitrarily, the IJ's interpretation of the hardship standard falls within the broad range authorized by the statute. *See Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1004–1006 (9th Cir. 2003).

The BIA did not abuse its discretion in denying the motion to reopen because it considered the new medical evidence regarding Perez–Hernandez's son and acted within its broad discretion in determining that the evidence was not material because it did not show the son's condition was severe or that he would be unable to ob-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tain assistance or treatment in Mexico. *See* 8 C.F.R. § 1003.2(c)(1) (providing that a motion to reopen "shall not be granted unless it appears to the [BIA] that evidence sought to be offered is material"). We are not persuaded by Perez–Hernandez's contention that the BIA violated his due process rights. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000).

**PETITION FOR REVIEW in No. 05–71451 DISMISSED in part and DENIED in part. PETITION FOR REVIEW in No. 05–75305 DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.